## Republican League Incorporation

*Alex Marcus*, for petitioners.

*J. J. Levy*, contra.

HOBAN, P. J., July 23, 1948.—A group of citizens ask to be incorporated under the name of Republican League of Lackawanna County. The purpose clause of the articles is as follows:

"3. The object and general purpose of the corporation shall be to encourage and foster:

"(a) Active participation by its members in political activities for the general welfare;

"(b) The active interest of its members in the civic, commercial, social and moral welfare of his or her community;

"(c) The social and intellectual enjoyment of its members."

Objection is made that the articles in a number of respects do not conform to the requirements of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, particularly as to the statement of purpose; that the proposed name is deceptively similar to the official name of the Republican Party of Lackawanna County and hence ought to be rejected as an attempt by an unfair practice to deceive persons as to the political character of the organization.

I am of the opinion that the charter must be refused because the organization is obviously for political purposes, and our courts have invariably held that political organizations as such may not be incorporated. See Union League of Delaware County, 1 Del. Co. 21;

Alpha Association Charter, 15 W. N. C. 208; Ton-a-lu-ka Club, 12 Pa. C. C. 26; Monroe Republican Club, 6 Dist. R. 515.

The objections other than the ones just noted seem to me to be of little importance. The other purposes, although stated in broad language, convey adequate meaning and I have no doubt that a group of citizens who desire to call themselves a Republican League of Lackawanna County have a right to do so, and I cannot see how any confusion in the minds of citizens can arise as to its identity as distinct from that of the Republican political party organization in the county. A charter would not be refused simply because the name of the association indicated that its members adhered to a certain political belief: Central Democratic Association and Young Republican Club, 19 Phila. 317.

The denial of corporate existence to political organizations serves to prevent any apparent authorization by the State to an artificial person to perform political actions which in the nature of things can only be undertaken by individual citizens.

In the Ton-a-lu-ka Club Case, supra, the opinion of White, J., contains this apt observation: "When the purpose can be as well carried out without a charter, as with, no charter should be granted".

As the articles now stand, the proposed decree of incorporation will be refused. If the political purposes stated in paragraph 3 (a) of the articles are struck out, on motion the matter will be reconsidered.

Now, July 23, 1948, the motion to dismiss the objections to the articles of incorporation is refused and the objections to the statement of purpose are sustained insofar as paragraph 3 (a) of the articles purports to authorize the corporation to have a political purpose. The incorporators are granted 10 days to amend the articles and to move for reconsideration or the decree will be refused.